UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KEVIN D. WHITE,               )
                              )
            Petitioner,       )
v.                            )      No. 1:07-cv-1045-DFH-WTL
                              )
STANLEY KNIGHT,               )
                              )
            Respondent.       )

**Entry Discussing Petition for Writ of Habeas Corpus**

Kevin White ("White") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 07-04-0371. In that case, White was charged with violating a prison rule prohibiting inmates from refusing to obey an order. The evidence favorable to the finding of the conduct board is the following: On April 27, 2007, White was returning from a meal at the Pendleton Correctional Facility, an Indiana prison, when he was seen standing at the Side Gate of a housing unit. Officer Bullock asked White where he lived. White ignored the question. Officer Bullock repeated the question in a louder voice, to which White replied that he lived upstairs. When asked "Where upstairs?" White responded that he was "not standing in front of a door that doesn't work." White was then asked what cell was his, to which he responded "B-4B." Officer Bullock instructed White to go upstairs and stand in front of that cell. White refused. Officer Bullock gave White a second direct order and escorted White upstairs (where the cell B-4B was located). White continued to refuse to go to his cell area until the door was opened. Contending that the proceeding is tainted by constitutional error, White seeks a writ of habeas corpus. Because the court finds that there was no error of that nature, White's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

    1.    White is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

    2.    "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, White was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974);

*Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   3. Using the protections recognized in *Wolff* and *Hill* as an analytical template, White received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) White was given the opportunity to appear before the conduct board and make a statement concerning the charge, though he refused to appear at the hearing, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. White's contentions otherwise are unpersuasive.

   4. White first contends that he was denied evidence, consisting of the statements of the two witnesses he had requested.

   a. White requested a statement from Counselor Kidder for the purpose of establishing that the door to Cell B-4B was "messed up." White also requested a statement from Officer Reed for the purpose of establishing that White had been given permission to wait to go to his cell. (The substance of the expected information from these individuals was noted at the time of the request, documented in Exhibit B to the respondent's return to order to show cause.)

   b. The respondent argues that, even if these individuals did not provide statements, the failure here was harmless error.

   c. The respondent is correct that, as a general proposition, harmless error analysis applies to prison disciplinary proceedings. *Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991); *Hayes v. Thompson,* 637 F.2d 483, 493 (7th Cir. 1980). It is also established that no due process violation occurs in excluding testimony which would have been irrelevant, repetitive, or unnecessary. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992).

   d. The substance of this claim was addressed in the course of White's administrative appeal, where it was first noted that Counselor Kidder "could not be obtained due to him being off work for an illness," and that the proposed information to be obtained from Officer Reed would not have assisted White because, even according to White, Officer Reed had given White permission to stand in front of his cell, not on the lower range where the incident took place.

   e. White argues that the reporting officer in No. ISR 07-04-0371 never gave him an order to go to his cell. The conduct board found otherwise, however, and White does not now challenge the sufficiency of the evidence on which it did so. Indeed, such a challenge would be frivolous. See *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)).

   f. The respondent is correct that there was no due process error in failing to arrange or wait for the statements of Counselor Kidder and Officer Reed. There is no indication here that White's witnesses were not produced because of an arbitrary accross-the-board denial of witnesses policy. White's discussion of such a policy in his reply is thus misplaced. Instead, the matter was considered by prison authorities, though only in the course of White's administrative appeal, on an individual basis. The court does not reach the abstract question of whether *Wolff* requires prison administrators to postpone a scheduled disciplinary hearing because of the absence due to illness of a witness the inmate had requested. In this case, however, the absence of Counselor Kidder or of a statement from him was harmless for two reasons. *First,* Counselor Kidder was expected (based on the information White had provided prison authorities at the time he was notified of the charge in No. ISR 07-04-0371) to verify only that the cell door or the opening mechanism for Cell B-4B was "messed up." This information would not have presented White with a defense against the misconduct (refusing to obey an order) with which he had been charged. Counselor Kidder's statement concerning the door to Cell B-4B would not even have been relevant to that charge. *Second,* White had voluntarily absented himself from the disciplinary hearing. If Counselor Kidder had appeared, it is entirely speculative as to what, if anything, he would have stated, for not even White argues that it would have been the responsibility of the impartial conduct board to elicit information from White's witnesses. As to Officer Reed, the information he was expected to provide-- that White had been given permission to wait to go to his cell–would not have constituted a defense to the charge of refusing to obey an order. Indeed, if White had done what he contends Officer Reed had given White permission to do, White would not have been charged with misconduct in No. ISR 07-04-0371. Indeed, Officer Bullock also directed White to go and stand in front of his cell door, but White refused. Officer Reed's statement would not have been relevant to the charge and would not have provided White with a viable defense to the charge.  Here also, moreover, if Officer Reed had appeared, without White at the hearing to ask questions of him, it is a matter of speculation as to what, if anything, Officer Reed would have stated.

   g. There was no violation in due process in the failure of the conduct board to consider the statements of either Counselor Kidder or of Officer Reed relative to the charge in No. ISR 07-04-0371.

  5. White's second contention is that double jeopardy was violated when he was disciplined in No. ISR 07-04-0371, because he had also been kept in his cell "for dinner and recreation" on the day of the incident. The brief confinement of White in his prison cell hardly constituted additional punishment in a constitutional sense for the events leading up to that placement. There is no way in which the interests or values of the constitutional prohibition against double jeopardy were implicated by these circumstances, though in any event this is not one of the constitutional protections which is even applicable in this setting. *See Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases). Indeed,  it would not have offended due process even if White had been detained in segregation or otherwise limited while the charge was pending. *Woodson v. Lack,* 865 F.2d 107, 109 (6th Cir. 1989). Accordingly, the issuance of the conduct report and the ensuing proceedings in No. ISR 07-04-0371 did not violate White's rights.

   6. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles White to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, White's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/25/2008